UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| PLAINTIFF, | ) | No.    3:16-cv-5034 |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| HOBSON BEARING INT'L INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

## NATURE OF THE ACTION

1.      This is an action under the antiretaliation provision of the Fair Labor Standards
Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. § 215(a)(3), as it applies to the
United States Equal Employment Opportunity Commission's enforcement of the Equal Pay Act
of 1963 (EPA), 52 Stat. 1062, as amended, 29 U.S.C. § 206(d). As alleged with greater
particularity below, Hobson Bearing International Inc. illegally retaliated against Ms. Tera Lopez
by filing a malicious prosecution lawsuit against her in Missouri state court because she filed an
EPA charge of discrimination with the Commission.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,
1343 and 1345. This action is authorized and instituted pursuant to Section 17 of the FLSA, 29
U.S.C. § 217, to enforce the FLSA's antiretaliation provision, codified as Section 5(a)(3) of the
FLSA, 29 U.S.C. § 215(a)(3), which applies to the EPA.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because the
Defendant is located in the jurisdiction of the United States District Court for the Western

1

District of Missouri, and a because a substantial portion of the employment practices alleged to be unlawful were and are now being committed within this jurisdiction.

4.      Venue is proper in the Southwestern Division pursuant to L.R. 3.1 (a)(3)(b) and L.R. 3.1 (b)(1).

## PARTIES

5.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States charged with the enforcement of the FLSA's antiretaliation provision as part of its Equal Pay Act enforcement responsibilities and is authorized to bring this action pursuant to 29 U.S.C. §§ 216-217, as amended by Reorganization Plan No. 1 of 1978, 43 F.R. 19807, 92 Stat. 3781, 5 U.S.C. App. § 1 (Supp. 2014), p. 230, ratified by Pub. L. 98-532, § 1, 98 Stat. 2705 (1984).

6.      Defendant Hobson Bearing International, Inc. is a Missouri corporation, incorporated in 1999, which is, according to its website "a multi-million dollar wholesale company supplying ball bearings worldwide."

7.      At all relevant times, Hobson Bearing has continuously been doing business in Diamond, Missouri.

8.      At all relevant times, Hobson Bearing has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9.      At all relevant times, Hobson Bearing has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (i) and (j).

2

## STATEMENT OF FACTS

10.     Tera Lopez was an employee of Hobson Bearing within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), from on or about October 2012 to on or about July 2015.

11.     On August 3, 2015, Lopez prepared and filed a Commission intake questionnaire alleging discriminatory actions by Hobson Bearing, *inter alia*, violations of the EPA.

12.     The Commission prepared a charge of discrimination form and Lopez signed it on August 12, 2015.

13.     The Commission provided Hobson Bearing with timely notice of the charge.

14.     After an investigation, on October 20, 2015, the Commission issued a Dismissal and Notice of Rights ("Dismissal and Notice").

15.     The Dismissal and Notice states that "[t]his does not certify that the respondent is in compliance with the statutes."

16.     On November 9, 2015, Hobson Bearing filed a malicious prosecution lawsuit captioned *Hobson International Inc. v. Lopez*, 15AO-CC000256, against Lopez in the Circuit Court of Jasper County, Missouri ("Retaliatory Lawsuit").

17.     The Retaliatory Lawsuit alleges that Lopez maliciously filed the EPA charge to harass Hobson Bearing and receive financial gain, that Hobson Bearing was "compelled to defend the [charge] at great expense", and that "at great taxpayer expense, the government closed its case stating it did not find a violation of the statutes under the Equal Pay Act…."

18.     The Retaliatory Lawsuit seeks economic and punitive damages from Lopez.

19.     An employee's filing of a charge with the Commission does not constitute the commencement or prosecution of a formal legal proceeding.

3

20.     The Commission's issuance of a Dismissal and Notice does not mean the agency terminated the matter in favor of the respondent with respect to a charge of discrimination.

21.     Upon learning of the Retaliatory Lawsuit, the Commission initiated an investigation pursuant to 29 U.S.C. § 211(a) on December 16, 2015.

22.     The Commission simultaneously served Hobson Bearing with a Request for Information ("RFI") pursuant to its investigatory powers, also under 29 U.S.C. § 211(a).

23.     On February 19, 2015, after receiving Hobson Bearing's position statement and response to the RFI, the Commission issued its Determination that Hobson Bearing retaliated against Lopez in violation of the EPA's antiretaliation provision, 29 U.S.C. § 215(a)(3).

24.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIM

25.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

26.     Hobson Bearing's actions violated 29 U.S.C. § 215(a)(3).

27.     As a direct and proximate result of Hobson Bearing's violation of 29 U.S.C. § 215(a)(3), Lopez suffered actual damage, including but not limited to attorneys' fees.

28.     Hobson Bearing's violation of 29 U.S.C. § 215(a)(3) chills reasonable persons from engaging in protected activity under the EPA.

29.     Upon information and belief, unless restrained by this Court, Hobson Bearing will continue to violate 29 U.S.C. § 215(a)(3).

30.     Hobson Bearing's unlawful actions were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Hobson Bearing illegally discriminated against Lopez in retaliation for her filing a charge of discrimination with the Commission pursuant to the EPA;

B.  Issue preliminary and permanent injunctions prohibiting Hobson Bearing, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the EPA], or has testified or is about to testify in any such proceedings, or is about to serve on an industry committee," in violation of 29 U.S.C. § 215(a)(3);

C.  Order Hobson Bearing to dismiss its Retaliatory Lawsuit against Lopez;

D.  Grant a judgment requiring Hobson Bearing to pay appropriate damages (including compensatory and punitive damages), as well prejudgment interest to Lopez for the acts complained of above;

E.  Grant such other and further relief as this Court deems necessary and proper in the public interest; and

F.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,


P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Andrea G. Baran
ANDREA G. BARAN, #46520
Regional Attorney

/s/ C. Felix Miller
C. FELIX MILLER, #28309
Supervisory Trial Attorney

/s/ Grant R. Doty
Grant R. Doty, #60788
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
Phone: (314) 539-7918
Fax. (314) 539-7895
Email: grant.doty@eeoc.gov