IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

## JUDGMENT IN A CIVIL CASE

EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
                                                   )
               Plaintiff, )
                                                   )    Case No. 16-05034-CV-SW-SWH
                                                   )
HOBSON BEARING INT'L, INC., )
                                                   )
               Defendant. )

____ **Jury Verdict**. This action came before the Court for a trial by jury. The issues having been tried and the jury has rendered its verdict.

**X** **Decision by Court.** The issues have been determined and a decision has been rendered.

   **IT IS ORDERED AND ADJUDGED** per court order 8 filed 8/26/2016;

     1. Although neither the Federal District Court for the Western District of Missouri (which includes Jasper County and Joplin Missouri) nor the Eighth Circuit Court of Appeals have ruled on whether employers are barred from suing employees who they believe have filed a false charge of discrimination, other state and federal courts in Missouri, however, have recognized the statutory bar against employers suing employees who file a charge of discrimination and the adverse policy implication of a contrary holding. See Cooper v. Pic-Walsh Freight Co., 1976 WL 12, at *1 (E.D. Mo. 1976) (dismissing the defendant's malicious prosecution counterclaim and noting that "[t]o entertain claims in the nature of malicious prosecution for the filing [of a charge of discrimination with the Commission] would seriously undermine the clear policy.... to protect an employee who utilizes the procedures provided by Congress for the vindication of his right to be free from unlawful discrimination in

employment"); see also Pic-Walsh Freight Co. v. Cooper, 618 S.W.2d 449, 454 (Mo. App. E.D. 1981) (citing favorably to and giving res judicata effect to the related federal case, supra, and dismissing a malicious prosecution claim).

2. The reasoning of the Pic-Walsh Freight holdings has been extended beyond malicious prosecution lawsuits in other jurisdictions. See e.g., Equal Employment Opportunity Comm'n v. Virginia Carolina Veneer Corp., 495 F. Supp. 775 (W.D. Va. 1980) (prohibiting an employer's defamation suit against an employee who filed a discrimination charge) (citing and quoting Pic-Walsh Freight Co., 1976 WL 12, at *1).

3. Summarizing the district court's holding in Virginia Carolina Veneer, in its order dismissing the remaining issue on appeal, the Fourth Court of Appeals noted that it had "granted summary judgment to both [the employee] and the EEOC in the form of a preliminary injunction and a permanent injunction ordering Virginia-Carolina to take a non-suit in its state defamation action.... reason[ing] that an absolute privilege attached to the filing of the charges with the EEOC so that the defamation action based on the charges constituted retaliation as a matter of law." Cassidy v. Virginia Carolina Veneer Corp., 652 F.2d 380, 382 (4th Cir. 1981) (emphasis added). This is even the case if the employee's statements in the charge are false and defamatory. Virginia Carolina Veneer Corp., 495 F. Supp. at 778 ("The importance of maintaining free access to the Commission is so great that the truth or falsity of a charge, may not be considered in providing protection to a person for filing a charge").

4. Therefore, the parties agree that Hobson Bearing's action of filing the Lawsuit because Lopez filed a charge of discrimination with the Commission pursuant to the EPA violated 29 U.S.C. § 215(a)(3), which prohibits "discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding

under or related to [chapter 8 of the FLSA, which includes the EPA], or has testified or is about to testify in any such proceeding..."

5. Hobson Bearing, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them are permanently prohibited from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the EPA], or has testified or is about to testify in any such proceedings," in violation of 29 U.S.C. § 215(a)(3).

6. Hobson Bearing is ordered to dismiss its Lawsuit against Lopez with prejudice. It is also enjoined from filing any other lawsuit or bringing any counterclaims against Lopez which are based upon her having filed a charge with the Commission, including but not limited to defamation. Nothing precludes Hobson Bearing from defending itself against claims by Lopez or from using any inconsistent testimony she may have given under oath in any past proceeding in any future proceeding.

7. Hobson Bearing is ordered to pay $37,500.00 to Lopez for the damages suffered that are a direct and proximate result of its violation of 29 U.S.C. § 215(a)(3).

August 26, 2016                      Paige Wymore-Wynn
Dated                                    Court Executive


August 26, 2016                      /s/ Traci Chorny
Entered                                  Deputy Clerk